# In the United States Court of Federal Claims

No. 22-1603C
(Filed: May 15, 2023)
### NOT FOR PUBLICATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| TOMMY WESLEY SCOTT, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Plaintiff Tommy Wesley Scott, proceeding *pro se*, alleges that he is a member of the "Muskogee (Creek) Nation" and that he is in the criminal custody of the State of Oklahoma. Compl. at 1–2 (ECF 1). He claims that Oklahoma lacked authority to prosecute him, citing primarily the Major Crimes Act ("MCA"), 18 U.S.C. § 1153, and various treaties between the United States and Indian tribes. *Id.* The government's motion to dismiss is fully briefed.[1] Because Mr. Scott seeks relief this Court may not grant, based on sources of law that do not confer rights he can assert here, the Court does not have jurisdiction. Accordingly, the motion to dismiss is **GRANTED**.

This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims against the federal government, most commonly claims for money as provided by the Tucker Act. *See*, *e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3).[2]

---

[1] *See* Def.'s Mot. to Dismiss (ECF 8); Pl.'s Resp. & Mot. for Leave to Amend Compl. (ECF 9); Def.'s Reply & Resp. to Mot. for Leave to Amend Compl. (ECF 10); Pl.'s Surreply (ECF 14). Plaintiff's motion for leave to proceed *in forma pauperis* (ECF 2) is **GRANTED**.

[2] "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, … *pro se* litigants are not excused from meeting jurisdictional

The Complaint is, in essence, a collateral attack on Mr. Scott's state-court conviction. *See* Compl. at 1. Although Mr. Scott also requests monetary relief, *id.* at 4, the compensation he seeks is premised on the conviction's invalidity or, put another way, the United States' alleged breach of a legal obligation to prevent improper application of state law. *Id.* at 1, 4. State prisoners may challenge their convictions on direct or collateral review in state court, and may seek writs of habeas corpus in federal district court. *See* 28 U.S.C. § 2254. But this Court cannot grant habeas relief. *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002) (explaining that the Court of Federal Claims was not one of the courts authorized by statute to grant habeas relief); *see also Rolle v. United States*, 752 F. App'x 1005, 1006–07 (Fed. Cir. 2018) (similar). Relatedly, this Court also may not "review any of the judgments of the [Oklahoma] state and federal courts with respect to [Mr. Scott's] criminal case[.]" *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *see also Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts.").

Even if Mr. Scott's claims were primarily for money, none of the sources of law he mentions create jurisdiction in this Court. Claims in this Court generally must be based on a "money-mandating" law, *i.e.*, a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained[.]" *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)). This Court "has no jurisdiction over criminal matters," *see Jones*, 440 F. App'x at 918, or over claims sounding in tort, *see* 28 U.S.C. § 1491(a)(1).

The laws Mr. Scott relies upon do not create rights that he can enforce in this Court. The MCA and the definitions codified at 25 U.S.C. § 1301 do not appear to be money-mandating. The MCA is a criminal statute that does not create any rights in this Court. *Cf. Kenyon v. United States*, 127 Fed. Cl. 767, 774 (2016) (dismissing Major Crimes Act claims as based on criminal law), *aff'd*, 683 F. App'x 945 (Fed. Cir. 2017). The United States Department of the Interior's guidance for administration of Indian trust and treaty rights does not seem to require compensation, and certainly not for state imprisonment. Pl.'s Resp. at 3. This Court has jurisdiction over monetary claims of unjustly convicted *federal* prisoners, *see* 28 U.S.C. § 1495, 2513, but it has no such authority as to state prisoners like Mr. Scott.

---

requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

Nor can any of the treaty language Mr. Scott cites fairly be interpreted as mandating payment of money. *See* Compl. at 2 (quoting Treaty with the Creeks, art. 14, 1832, 7 Stat. 366; Treaty of Washington, art. 10, 1866, 14 Stat. 785); *United States v. Navajo Nation*, 556 U.S. 287, 289–91 (2009). At most, Mr. Scott claims that because treaties between the United States and Indian tribes are analogous to contracts, they presumptively carry a damages remedy. *See* Pl.'s Resp. at 2. But that only goes to show that the inference from treaties to contractual damages is imperfect: "[A] treaty with an Indian tribe is a contract," *Tsosie v. United States*, 825 F.2d 393, 397 (Fed. Cir. 1987), but not all such treaties are money-mandating. *See, e.g.*, *Jarvis v. United States*, No. 22-1006, 2022 WL 1009728, at *2 (Fed. Cir. Apr. 5, 2022); *Greene v. United States*, No. 22-1064, 2023 WL 3072565, at *2 (Fed. Cl. Apr. 25, 2023); *Moore v. United States*, 163 Fed. Cl. 591, 595 (2022).

In short, even if Mr. Scott is right that his conviction was invalid and that he has no avenue for relief in any other court, *see* Compl. at 3; *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), this Court cannot help him.

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Mr. Scott's complaint is **DISMISSED**, without prejudice, for lack of jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice."). Because it does not appear that factual or legal elaboration could cure the Complaint's jurisdictional defects, Mr. Scott's requests for leave to amend and for appointment of counsel are **DENIED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge